**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
Case No. _____

| | |
|---|---|
| IDA-MONETTA DUCKWORTH,      ) | |
|      ) | |
|     *Plaintiff,*      ) | |
|      ) | |
|    v.      ) | **COMPLAINT** |
|      ) | ***(Jury Demand)*** |
| LINCOLN COUNTY, RAYMOND CURTIS    ) | |
| ALGER, CODY MEDINA, ASHLEY SWIM,    ) | |
| MICHAEL BORICH, and KELLY PARIS,    ) | |
|      ) | |
|     *Defendants.*      ) | |

**NOW COMES** the Plaintiff, IDA-MONETTA DUCKWORTH ("Plaintiff"), by and through undersigned counsel, hereby complaining of Defendants as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1983, 42 U.S.C. 1988, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of the common law and the laws of the State of North Carolina.

2. Plaintiff's claims arise out of a July 2022 incident, in which Defendants acting under color of state law, unlawfully arrested, detained and assaulted Plaintiff. Plaintiff was maliciously prosecuted until the matter ended in Plaintiff's favor.

3.     As a result of these incidents, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

4.     This action and all associated claims have been timely brought within the applicable statutes of limitations.

5.     Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other relief as the Court may deem just and proper.

## PARTIES

6.     Plaintiff is a natural person and resident of Lincoln County, North Carolina.

7.     Defendant LINCOLN COUNTY is a municipal corporation organized under the laws of the State of North Carolina.

8.     Upon information and belief, Defendant LINCOLN COUNTY and its agents thereof have waived the defense of sovereign immunity through the purchase of liability insurance and/or participation in a qualifying risk pool.

9.     At all times relevant hereto, Defendant LINCOLN COUNTY, acting through the Lincoln County Sheriff's Office, was responsible for the policy, practice, supervision, implementation, and conduct of all Lincoln County Sheriff's Office matters and was responsible for the appointment, training, supervision, discipline, retention and conduct of all personnel, agents, office holders, supervisors, as well as the individually named Defendants herein.

10.     In addition, at all times relevant, Defendant LINCOLN COUNTY was responsible for enforcing the rules of the Lincoln County Sheriff's Office, and for ensuring that the Lincoln County Sheriff's Office personnel obey the laws of the United States and the State of North Carolina.

11.     Defendant RAYMOND CURTIS ALGER was, at all times here relevant, a senior deputy sheriff employed by the Lincoln County Sheriff's Office, and as such was acting in the capacity of an agent, servant and employee of Lincoln County. Defendant ALGER is sued in their individual and official capacities.

12.     Defendant CODY MEDINA was, at all times here relevant, a deputy sheriff employed by the Lincoln County Sheriff's Office, and as such was acting in the capacity of an agent, servant and employee of Lincoln County. Defendant MEDINA is sued in their individual and official capacities.

13.     Defendant ASHLEY SWIM was, at all times here relevant, a deputy sheriff employed by the Lincoln County Sheriff's Office, and as such was acting in the capacity of an agent, servant and employee of Lincoln County. Defendant SWIM is sued in their individual and official capacities.

14.     Defendant MICHAEL BORICH was, at all times here relevant, a deputy sheriff employed by the Lincoln County Sheriff's Office, and as such was acting in the capacity of an agent, servant and employee of Lincoln County. Defendant BORICH is sued in their individual and official capacities.

15.     Defendant KELLY PARIS was, at all times here relevant, a deputy sheriff lieutenant employed by the Lincoln County Sheriff's Office, and as such was acting in

the capacity of an agent, servant and employee of Lincoln County. Defendant PARIS is sued in their individual and official capacities.

16.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of Lincoln County, and otherwise performed and engaged in conduct incidental to the performance of their functions in the course of their duties. They were acting for and on behalf of the Lincoln County Sheriff's Office at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the Lincoln County Sheriff's Office and incidental to the lawful pursuit of their duties as officers, employees and agents of the Lincoln County Sheriff's Office.

## JURISDICTION AND VENUE

17.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under the Constitution and law of the United States of America. The Court also has jurisdiction under 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1983, 42 U.S.C. 1988, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in violation of the common law and the laws of the State of North Carolina.

18.     The United States District Court for the Western District of North Carolina has personal jurisdiction because Defendants conducts business in Lincoln County, North Carolina, which is located within this District.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insomuch as Defendants conducts business within the Western District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

20.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims because those state law claims arise out of the same nucleus of operative fact as the federal claims.

21.     Plaintiff's claims for relief are predicated upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1983, 42 U.S.C. 1988, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, which authorize actions to redress the deprivation of rights, privileges and immunities secured to the Plaintiff by the laws of the United States, as well as North Carolina law.

22.     Plaintiff's claim for attorneys' fees and costs as well as punitive damages are predicated upon 42 U.S.C. § 1988, Chapter 1D of the North Carolina General Statutes, and other such federal and state law.

23.     Plaintiff is informed, believes, and therefore alleges that in engaging in the conduct alleged herein, Defendants acted with the intent to deprive Plaintiff of her civil rights, and/or with reckless or callous indifference toward Plaintiff's federally protected rights.

24.     All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties,

and the evidence establishing liability for the causes of action will be similar, and neither issue will predominate nor create confusion for a jury.

## FACTUAL ALLEGATIONS

25.     On or about July 25, 2022, at approximately 11:57am, Plaintiff was lawfully present on her property located at 2525 Moss Trail, Lincolnton, NC 28092.

26.     Though Plaintiff was not committing any offense or violation of the law, Defendant MEDINA and BORICH arrived to the vicinity of 2525 Moss Trail and approached Plaintiff.

27.     During the interaction, Plaintiff provided documentation to Defendant MEDINA showing that she was lawfully present on her property and not committing any offense or violation of the law.

28.     During the interaction, Defendant MEDINA contacted the Lincoln County Clerk's office and was notified that there was no pending civil or criminal action, and as such Plaintiff was not committing any offense or violation of the law.

29.     On or about that time, Defendants MEDINA and BORICH, while acting in concert, without adequate cause and in contravention of the law, falsely arrested and detained Plaintiff.

30.     On or about that time, Defendants MEDINA and BORICH, while acting in concert, without adequate cause and in contravention the law, assaulted Plaintiff.

31.     During the assault, Defendants, among other things, grabbed Plaintiff, pulled her out of her vehicle and handcuffed her in an excessively tight manner, which Plaintiff complained about.

32. Defendants' actions did cause Plaintiff to become fearful for her life and safety and did cause emotional and physical injuries to Plaintiff, the extent of which is unknown but includes pain, redness, swelling, soreness and bruising.

33. Plaintiff was not told what she was being arrested for.

34. Plaintiff did not resist arrest and complied with all lawful orders.

35. At the time of Plaintiff's arrest, Defendant officers did not have probable cause or reasonable suspicion to believe that Plaintiff had committed any criminal offense or violation of the law. Further, given the information available, Defendants knew or should have known Plaintiff was innocent of any wrongdoing or should have further inquired into the matter prior to making any arrest.

36. After Plaintiff's arrest, at the Lincoln County Sheriff's Office, Plaintiff was subjected to a search of the intimate parts of her body causing embarrassment and humiliation.

37. Plaintiff was falsely charged with assorted crimes, including Burglary/Breaking and Entering and Possession of Stolen Property under OCA No. 202203986.

38. Plaintiff was unlawfully detained for several hours before being released.

39. Defendants prepared false police reports relating to Plaintiff's arrest.

40. The Defendant deputies falsely stated to the Magistrate and/or District Attorney that Plaintiff had committed a crime despite knowing that they lacked a legal and factual basis to allege that Plaintiff committed any crime.

41.     Based on the information provided to them, the Lincoln County Magistrate and/or District Attorney charged Plaintiff with several charges under docket number 22-CR-252033-540, all of which were later dismissed on January 6, 2023.

42.     Some of the Defendant deputies who did not participate in the incident but were otherwise present and observed the violation of Plaintiff's constitutional rights failed to intercede on Plaintiff's behalf.

43.     Upon information and belief, Defendant supervisor ALGER knowingly signed off on the false reports prepared by Defendants MEDINA and BORICH, despite clear evidence that Plaintiff had committed no crime.

44.     Upon information and belief, Supervisor PARIS and Investigator SWIM reviewed the investigative file, which included exculpatory evidence, but failed to take corrective action or dismiss the charges until January 6, 2023.

45.     During all of the events described, the Defendant deputies acted maliciously, willfully, knowingly and with the specific intent to injure Plaintiff and violate her civil rights.

46.     Defendant LINCOLN COUNTY has been on notice that the Lincoln County Sheriff's Office had a history and practice of misconduct against individuals but failed to take appropriate corrective action.

47.     The County has been on notice that brutality is widespread and that particular reforms need to be implemented.

48.     Plaintiff asserts that the Defendants who violated Plaintiff's civil rights are part of a larger pattern and practice of similar conduct, which is so widespread, pervasive

and consistent throughout the Lincoln County Sheriff's Office, that the commission of such constitutionally violent behavior has become tantamount to an official policy or custom within the Lincoln County Sheriff's Office or, at the very least, conclusive evidence that the County has either tacitly approved of such egregious wrongdoings or that they have become indifferent to the civil rights of those who may come into contact with its' deputies.

49.     The individually named Defendants herein, as well as other officers serving in the employment of the Lincoln County Sheriff's Office, and Lincoln County, have blatantly, shamelessly, consistently, and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by the Constitution of the United States, in addition to the laws and Constitution of the State of North Carolina, or without incurring any ramifications for such misconduct and, ostensibly, with the full and completed blessing of the Lincoln County Sheriff's Office, Lincoln County, and their respective policymakers and supervisors.

50.     Defendant LINCOLN COUNTY knew or should have had reason to know of its' deputies propensity to violate the civil rights of others, yet failed to appreciate the risk posed to Plaintiff and other employees and further failed to take adequate precautions to prevent the conduct described herein.

51.     Defendant LINCOLN COUNTY was knowingly and deliberately indifferent to the possibility that its deputies were wont to violate the civil rights of employees as described herein.

52.     Upon information and belief, Defendant LINCOLN COUNTY and their respective policymakers, officials or supervisors have approved or acquiesced to policies, customs or patterns and practices within the Lincoln County Sheriff's Office that resulted in Plaintiff's arrest without probable cause.

53.     Upon information and belief, Defendant LINCOLN COUNTY and their respective policy makers, officials or supervisors have failed to provide adequate training that resulted in Plaintiff's arrest without probable cause.

54.     As a direct and proximate result of the acts of Defendants, Plaintiff has suffered the following injuries and damages: violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical injury, physical pain, emotional trauma and suffering, including fear, intimidation, embarrassment, humiliation, emotion distress, frustration, extreme inconvenience, anxiety, and harm to reputation.

### FIRST CAUSE OF ACTION
*Unlawful Stop and Search under 42 U.S.C. § 1983 by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

55.     The above paragraphs are incorporated herein by reference as if fully set forth below.

56.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

57.     The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1

58.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, while acting in concert and within the scope of their authority, caused Plaintiff to be unlawfully stopped and searched without probable cause in violation of Plaintiff's right to be free of an unreasonable stop and seizure under the Fourth Amendment, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

59.     Defendants' action deprived Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

60.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

61.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
### *Unlawful Stop and Search under N.C. Const. art. I, §§ 19, 20*

62.     The above paragraphs are incorporated herein by reference as if fully set forth below.

63.     The North Carolina State Constitution protects individuals against unreasonable searches and seizures. N.C. Const. art. I, § 20.

64.     The North Carolina State Constitution further protects citizens against deprivations of liberty. N.C. Const. art. I, § 19.

65.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, while acting in concert and within the scope of their authority, caused Plaintiff to be wrongfully and illegally arrested, detained and imprisoned in violation of Plaintiff's right to be free of an unreasonable stop and seizure, and to be free of a deprivation of liberty under the North Carolina State Constitution.

66.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

67.     At all relevant times, Defendants acted forcibly in apprehending, arresting and imprisoning Plaintiff.

68.     Defendants' action deprived Plaintiff of her constitutional rights under the North Carolina State Constitution.

69.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

70.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION

### *False Arrest and False Imprisonment under 42 U.S.C. § 1983 by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

71.     The above paragraphs are incorporated herein by reference as if fully set forth below.

72.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

73.     The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1.

74.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, while acting in concert and within the scope of their authority, caused Plaintiff to be wrongfully and illegally arrested, detained and imprisoned in violation of Plaintiff's right to be free of an unreasonable stop and seizure under the Fourth Amendment, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

75.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

76.     At all relevant times, Defendants acted forcibly in apprehending, arresting and imprisoning Plaintiff.

77.     Defendants' action deprived Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

78.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

79.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### FOURTH CAUSE OF ACTION
*False Arrest and False Imprisonment under N.C. Const. art. I, §§ 19, 20 by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

80.     The above paragraphs are incorporated herein by reference as if fully set forth below.

81.     The North Carolina State Constitution protects individuals against unreasonable searches and seizures. N.C. Const. art. I, § 20.

82.     The North Carolina State Constitution further protects citizens against deprivations of liberty. N.C. Const. art. I, § 19.

83.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, while acting in concert and within the scope of their authority, caused Plaintiff to be wrongfully and illegally arrested, detained and imprisoned in violation of Plaintiff's right to be free of an

unreasonable stop and seizure, and to be free of a deprivation of liberty under the North Carolina State Constitution.

84.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

85.     At all relevant times, Defendants acted forcibly in apprehending, arresting and imprisoning Plaintiff.

86.     Defendants' action deprived Plaintiff of her constitutional rights under the North Carolina State Constitution.

87.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

88.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### *False Imprisonment under North Carolina Tort Law by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

89.     The above paragraphs are incorporated herein by reference as if fully set forth below.

90.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, while acting in concert and within the scope of their authority, intentionally detained Plaintiff against the Plaintiff's will.

91.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

92.     At all relevant times, Defendants acted forcibly in apprehending, arresting and imprisoning Plaintiff.

93.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

94.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### SIXTH CAUSE OF ACTION
*Failure to Intervene under 42 U.S.C. § 1983 by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

95.     The above paragraphs are incorporated herein by reference as if fully set forth below.

96.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

97.     The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1

98.     An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens can be found liable under 42 U.S.C. § 1983. Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).

99.     Those Defendants that were present but did not actively participate in the aforementioned conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

100.    Defendants' action deprived Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

101.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

102.    Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION

*Failure to Intervene under North Carolina Common Law by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

103.    The above paragraphs are incorporated herein by reference as if fully set forth below.

104.    Under North Carolina common law, law enforcement officers have an affirmative duty to intervene and report when they witness another officer using excessive force while acting in the line of duty.

105.    An officer who observes another officer using what they reasonably believe to be excessive force, and who has a reasonable opportunity to intervene but fails to do so, can be found liable for failing to prevent the use of excessive force. N.C. Gen. Stat. § 15A-401(d).

106.    An officer who fails to report the observed excessive force within 72 hours can also be found liable, even if they had no reasonable opportunity to intervene. N.C. Gen. Stat. § 15A-401(d).

107.    Those Defendants that were present but did not actively participate in the aforementioned conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

108.    Defendants' action deprived Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

109.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and

is entitled to recover compensatory damages in an amount to be determined at trial.

110.    Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**<u>EIGHTH CAUSE OF ACTION</u>**
*Malicious Abuse of Process under 42 U.S.C. § 1983 by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

111.    The above paragraphs are incorporated herein by reference as if fully set forth below.

112.    The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

113.    The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1

114.    Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS arrested, detained and cause a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

115.    Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

116.    Defendants intended to inflict substantial harm upon Plaintiff.

117.    Defendants acted to achieve a collateral purpose, beyond or in addition to

Plaintiff's criminal prosecution.

118.     Defendants' action deprived Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

119.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

120.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## NINTH CAUSE OF ACTION
*Malicious Prosecution under 42 U.S.C. § 1983 by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

121.     The above paragraphs are incorporated herein by reference as if fully set forth below.

122.     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

123.     The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1

124.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, acting with malice, initiated a prosecution against Plaintiff and caused her to be prosecuted.

125.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS had no excuse or justification to initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

126.     Defendants intended to inflict substantial harm upon Plaintiff.

127.     Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

128.     Defendants' action deprived Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

129.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

130.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## TENTH CAUSE OF ACTION
*Malicious Prosecution under North Carolina Tort Law by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

131.     The above paragraphs are incorporated herein by reference as if fully set forth below.

132.     Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, acting with malice, initiated a prosecution against Plaintiff and caused her to be prosecuted.

133. Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS had no excuse or justification to initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

134. Defendants intended to inflict substantial harm upon Plaintiff.

135. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

136. Based on the acts of Defendants, the Lincoln County Magistrate and/or District Attorney charged Plaintiff with several charges under docket number 22-CR-252033-540, all of which were later dismissed on January 6, 2023.

137. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

138. Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## ELEVENTH CAUSE OF ACTION
*Excessive Force under 42 U.S.C. § 1983 by Defendants ALGER, MEDINA, and BORICH*

139. The above paragraphs are incorporated herein by reference as if fully set forth below.

140. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

141. The Eighth Amendment further protects citizens against cruel and unusual punishments inflicted. U.S. Const. amend. XIII.

142. The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1

143. Defendants MEDINA and BORICH, while acting in concert, without adequate cause and in contravention of the law, assaulted Plaintiff.

144. During the assault, Defendants, among other things, grabbed Plaintiff, pulled her out of her vehicle, and handcuffed her in an excessively tight manner, which Plaintiff complained about.

145. Upon information and belief, Defendant supervisor ALGER knowingly encouraged, condoned, and failed to prevent the use of excessive force.

146. Defendant ALGER's actions and omissions created an environment in which such misconduct was foreseeable and implicitly authorized.

147. Defendants' actions did cause Plaintiff to become fearful for her life and safety and did cause emotional and physical injuries to Plaintiff, the extent of which is unknown but includes pain, redness, swelling, soreness and bruising.

148. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and

is entitled to recover compensatory damages in an amount to be determined at trial.

149.    Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's constitutional rights, entitling Plaintiff to an award of punitive damages.

## TWELFTH CAUSE OF ACTION
*Assault and Battery under North Carolina Common Law by Defendants ALGER, MEDINA, and BORICH*

150.    The above paragraphs are incorporated herein by reference as if fully set forth below.

151.    The North Carolina State Constitution protects citizens against cruel and unusual punishments inflicted. N.C. Const. art. I, § 27.

152.    Under North Carolina law, a person may file a civil lawsuit for assault and battery against law enforcement officers who use force that is excessive under the circumstances. Myrick v. Cooley, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496 (1988).

153.    Under North Carolina law, civil liability for assault and battery is not limited to the individual who directly commits the act; it also extends to anyone who, in any way, encourages, incites, or aids and abets the commission of the assault and battery. Toone v. Adams, 262 N.C. 403, 409, 137 S.E.2d 132, 136 (1964) (quoting 6 Am. Jur. 2d Assault and Battery § 128).

154.    Defendants MEDINA and BORICH, while acting in concert, without adequate cause and in contravention of the law, assaulted Plaintiff.

155. During the assault, Defendants, among other things, grabbed Plaintiff, pulled her out of her vehicle and handcuffed her in an excessively tight manner, which Plaintiff complained about.

156. Defendants' actions did cause Plaintiff to become fearful for her life and safety and did cause emotional and physical injuries to Plaintiff, the extent of which is unknown but includes pain, redness, swelling, soreness and bruising.

157. Upon information and belief, Defendant supervisor ALGER knowingly encouraged, condoned, and failed to prevent the use of excessive force.

158. Defendant ALGER's actions and omissions created an environment in which such misconduct was foreseeable and implicitly authorized.

159. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

160. Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress under North Carolina Tort Law by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

161. The above paragraphs are incorporated herein by reference as if fully set forth below.

162. For a Plaintiff to succeed in an intentional infliction of emotional distress claim, the Plaintiff must show "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Guthrie v. Conroy, 152 N.C.App. 15, 21, 567 S.E.2d 403, 408 (2002).

163. "A claim for intentional infliction of emotional distress exists `when a defendant's conduct exceeds all bounds usually tolerated by decent society[.]'" Watson v. Dixon, 130 N.C. App. 47, 52-53, 502 S.E.2d 15, 19-20 (1998), on reh'g, 132 N.C. App. 329, 511 S.E.2d 37 (1999), aff'd, 352 N.C. 343, 532 S.E.2d 175 (2000) (quoting Stanback v. Stanback, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979)) (defendant engaged in extreme and outrageous conduct when he "frightened and humiliated [plaintiff] with cruel practical jokes, which escalated to obscene comments and behavior of a sexual nature, . . . finally culminating in veiled threats to her personal safety").

164. The individually named Defendants engaged in conduct that was extreme and outrageous, including falsely arresting, detaining and assaulting Plaintiff.

165. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

166. Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's constitutional rights, entitling Plaintiff to an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION
### *Negligent Infliction of Emotional Distress under North Carolina Tort Law by Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS*

*Pleading in the alternative, Plaintiff alleges and says:*

167.    The above paragraphs are incorporated herein by reference as if fully set forth.

168.    For a Plaintiff to succeed in a negligent infliction of emotional distress claim, the Plaintiff must show "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as "mental anguish"), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics, 327 N.C. 283, 304 (N.C. 1990).

169.    The individually named Defendants engaged in conduct that was negligent, including falsely arresting, detaining and assaulting Plaintiff.

170.    Defendants had a duty to act reasonably in their treatment of Plaintiff, but their actions displayed a disregard for these duties, constituting negligence.

171.    It was reasonably foreseeable that the violation of Plaintiff's constitutional rights would cause emotional harm.

172.    Furthermore, Defendants' conduct, including falsely arresting, detaining and assaulting could reasonably result in mental anguish and emotional distress.

173.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property, liberty, and privacy, terror, humiliation, damage to reputation, and other damages and

is entitled to recover compensatory damages in an amount to be determined at trial.

174.    Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FIFTEENTH CAUSE OF ACTION
### *Negligent Hiring, Retention and Supervision under North Carolina Tort Law by Defendant LINCOLN COUNTY*

175.    The above paragraphs are incorporated herein by reference as if fully set forth below.

176.    For a Plaintiff to succeed in a negligent employment or retention claim, the Plaintiff must show "(1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in "oversight and supervision," and (4) that the injury complained of resulted from the incompetency proved." Medlin v. Bass, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990).

177.    Defendant LINCOLN COUNTY owed a duty of care to Plaintiff to adequately hire, retain and supervise its deputies, ensuring that they were competent, properly trained, and fit for duty.

178.    Defendant LINCOLN COUNTY breached that duty by hiring, retaining, and failing to properly supervise deputies who had a known or reasonably knowable

propensity for using excessive force and violating individuals' constitutional and statutory rights.

179.    Defendant LINCOLN COUNTY knew or should have known of its deputies' propensity for violating the individual rights granted under the laws of the State of North Carolina, prior to the injuries incurred by Plaintiff.

180.    Upon information and belief, prior to the incident involving Plaintiff, Defendant LINCOLN COUNTY was aware or should have been aware through complaints, internal reports, disciplinary histories, or patterns of misconduct, that certain deputies were unfit for continued employment or supervision without corrective action.

181.    Despite this knowledge, Defendant LINCOLN COUNTY failed to take reasonable or necessary measures to address the deputies' conduct, including failing to investigate, discipline, retrain, or remove officers who posed a foreseeable risk of harm to the public.

182.    Defendant LINCOLN COUNTY failed to take reasonable measures in hiring, retaining and supervising its' deputies that would have prevented the aforesaid injuries to Plaintiff.

183.    Defendant LINCOLN COUNTY's negligent hiring, retention, and supervision created and maintained conditions that allowed the unconstitutional and excessive use of force against Plaintiff.

184.    As an actual, proximate, and foreseeable consequence of Defendant's conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property,

liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

185.   Defendant's unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference

## SIXTEENTH CAUSE OF ACTION
### *Municipal "Monell" Liability under 42 U.S.C. § 1983 by Defendant LINCOLN COUNTY*

186.   The above paragraphs are incorporated herein by reference as if fully set forth below.

187.   The Supreme Court has found that a governmental entity may be held liable under 42 U.S.C. § 1983 when the deprivation of a constitutional right is caused by a policy, custom, or practice of the entity, or by a decision of a final policymaker. Monell v. Department of Social Services, 436 U.S. 658 (1978),

188.   Defendants ALGER, MEDINA, SWIM, BORICH, and PARIS, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct, and were directly responsible for the violation of Plaintiff's constitutional rights.

189.   Defendant LINCOLN COUNTY, through its policymakers, maintained and enforced an express policy or directive that permitted or failed to prohibit unlawful arrests and detentions without probable cause, and excessive force, even in the face of clearly exculpatory information.

190.     Defendant LINCOLN COUNTY maintained a policy or custom that caused Plaintiff to be deprived of their civil rights, tacitly approved of such conduct and/or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such behavior.

191.     Defendant LINCOLN COUNTY's employee deputies have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of them.

192.     Defendant LINCOLN COUNTY, its' policymakers and supervisors fail to provide adequate training or supervision to their subordinates, to such an extent that it is tantamount to the County's deliberate indifference towards the rights of those who may come into contact with Defendant LINCOLN COUNTY's employees.

193.     Defendant LINCOLN COUNTY's employees engaged in such egregious and flagrant violations of Plaintiff's constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of indifference towards the rights of individuals, who may come into contact with infinite County's employees.

194.     Defendant LINCOLN COUNTY's repeated refusal or failure to install or apply corrective or preventative measures constitutes the tacit approval of such behaviors or a deliberate indifference to the rights of those who may be affected by such behavior.

195.     As an actual, proximate, and foreseeable consequence of Defendant's conduct, Plaintiff has suffered mental injuries, economic injury, deprivation of property,

liberty, and privacy, terror, humiliation, damage to reputation, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests the Court for the following relief:

1. That the Court find the Defendants liable to Plaintiff on all claims asserted.

2. That the Court enter judgment against Defendants in an amount to be determined at trial plus both pre and post judgment interest at the legal rate until paid in full after judgment, the costs of this action and attorneys' fees.

3. That the Plaintiff recover punitive damages.

4. That the Court accepts this verified complaint as an affidavit of the Plaintiff from which to base any motions related to this case.

5. That the Plaintiff recovers any further relief that the Court deems just and proper.

Respectfully submitted this <u>24th</u> day of <u>July,</u> 2025.

<u>/s/ Alyssa Sanchez Wright</u>
King Law Offices, P.C.
1351 N. Center Street
Hickory, North Carolina 28601
T: (828) 288-3085 ext. 2004
E: asanchez@kinglawoffices.com
NCSB No. 60337

*ATTORNEY FOR PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### Case No. _____

| | | |
|---|---|---|
| IDA-MONETTA DUCKWORTH, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **VERIFICATION** |
| | ) | |
| LINCOLN COUNTY, RAYMOND CURTIS | ) | |
| ALGER, CODY MEDINA, ASHLEY SWIM, | ) | |
| MICHAEL BORICH, and KELLY PARIS, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

IDA-MONETTA DUCKWORTH, being first duly sworn, deposes and says that she is the Plaintiff in the above-captioned matter; that she has read the foregoing Complaint and knows the contents thereof and that the same are true to her own knowledge except as to those matters stated on information and belief, and as to those matters she believes them to be true.

IDA-MONETTA DUCKWORTH
*Plaintiff*

STATE OF NORTH CAROLINA
COUNTY OF ___CATAWBA___

SWORN TO AND SUBSCRIBED BEFORE ME
On this the __11__ day of ___July___, 2025.

_____
Notary Public
My Commission Expires: __07-13-2028__

ALYSSA SANCHEZ WRIGHT
Notary Public
Catawba County
My Comm. Exp
07-13-28
NORTH CAROLINA